Dear Representative Hebert:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointments to City offices by the Mayor. You indicate recently elected members of the Franklin City Council will receive their commissions, and the Charter provides that the Mayor shall appoint a marshal, clerk, tax collector, treasurer, street commissioner and superintendent of the electric and water plant and distribution system which appointments must be approved by a majority of the council. With respect to these appointments you ask the following questions:
 1. If someone in the present administration is re-appointed by the Mayor but not approved by a majority of the Council, what happens to the person in the present position and how does the council go about replacing that person?
 2. The City Attorney says that if a person is presently serving and the Council does not confirm them, they are to remain in the present position until a replacement can be appointed; is the opinion correct?
 3. At the first council meeting does the Council set the Mayor's salary and if not, how does the Council go about changing it? Is it done by ordinance?
In response to your first two questions we note that pursuant to the Franklin City Code it is provided that at the first meeting of the elected governing authority the mayor "shall" appoint the designated city officers "which appointments must be approved by a majority of the councilmen." In the event the appointments are not approved, this office has stated that the current members must continue to serve as "holdovers" until new appointees are named and confirmed. Atty. Gen. Op. Nos. 97-54, 95-107, 91-28. This is in accord with the provisions of R.S 42:2
which provides as follows:
 Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office.
In Atty. Gen. Op. 84-10 in regard to the procedures if the appointee selected by the mayor is not approved by the aldermen, this office stated the following:
 It has been the opinion of this office that in the event the board does not confirm an appointment of the mayor, the mayor shall appoint another candidate for confirmation by the board of aldermen. Thus, it is the opinion of this office that if an individual appointed to a municipal position by the mayor is not confirmed by the board of aldermen, than the mayor should appoint another candidate to the position for confirmation by the board. This process should continue until a candidate appointed by the mayor is confirmed by the board.
This conclusion was affirmed in Atty. Gen. Op. Nos. 02-10, 93-317, 88-505.
Without benefit of the pertinent provisions of the charter for Franklin we cannot conclusively answer your question in regard to setting the Mayor's salary and how it can be changed. However, we do note in Atty. Gen. Op 81-772 that this office responded to a request for an opinion regarding the compensation of the Mayor of the City of Franklin, and it was observed it was governed by a legislative charter which at that time provided in Section 10 of the charter, "The Mayor and Councilmen shall fix compensation of the Mayor." It was concluded once this compensation is fixed, it remains unchanged until increased by vote of the city council, with the mayor voting in case of a tie. It was further observed since the Mayor was an municipal officer he was not entitled to a salary increase granted city employees, and an increase would require a vote of the city council, which we find would be by ordinance.
In regard to your request we would refer you to La. Const. Art 6, § 12, Local Officials; Compensation, which provides as follows:
 The compensation or method of fixing the compensation of an elected official of any local governmental subdivision which operates under a home rule charter or plan of government, as provided in Sections 4 and 5 of this Article, shall be provided in its charter. The compensation or method of fixing compensation of an elected official of any other local governmental subdivision shall be provided by law. Compensation of a local official shall not be reduced during the term for which he is elected.
We hope this response sufficiently answers your inquiries.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: July 8, 2002